```
                 UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF VERMONT

UNITED STATES OF AMERICA       :
                               :
         v.                    :    File No. 1:08-CR-18
                               :
JAMES W. AITCHISON             :
_____:
```

RULING ON MOTIONS TO DISMISS AND TO SEVER
(Papers 21, 26, 27)

I. Introduction

Defendant James Aitchison moves to sever counts one through three of the second superseding indictment from counts four through seven and challenges counts two and three as multiplicitous. (Papers 26, 27.) Defendant seeks dismissal of one of the offending counts. Defendant also moved to dismiss count one of the first superseding indictment or alternatively to preclude the government's use of undisclosed or late disclosed evidence. (Paper 21.) The Government opposes the motions. (Papers 23, 34.) Defendant is charged in a seven count indictment (Paper 22) with various drug and gun offenses stemming from events occurring in early December 2007. For the reasons below, the Court denies Defendant's motions.

II. Severance

    A. Rule 8

Federal Rule of Criminal Procedure 8(a) permits joinder of offenses where they: (1) are "of the same or similar character," (2) are "based on the same act or transaction," or

1

(3) "constitute parts of a common scheme or plan." Rule 8 is generally construed broadly in the interest of conserving judicial resources. See, e.g., United States v. Blanchard, 542 F.3d 1133, 1141 (7th Cir. 2008).

The Government argues the charges are properly joined under either the "same act or transaction" prong or the "common scheme" prong. (Paper 34 at 5.) Defendant argues the offenses are not properly joined because the counts relate to "completely separate allegations," and therefore the same act or transaction prong is not met. (Paper 26 at 3.) The Court finds the "common scheme" ground sufficient to uphold joinder of the offenses under Rule 8(a).

The Seventh Circuit Court of Appeals recently affirmed the presumption that joinder of drug trafficking and firearms offenses is ordinarily proper because of the close relationship between the offenses. Blanchard, 542 F.3d at 1141 (noting the presumption stems from "natural inferences" drawn from "contemporaneous possession of guns and drugs or drug paraphernalia:  the firearm is an indication of drug activity, and participation in drug trafficking supplies a motive for having the gun") (internal citations omitted). Such a presumption may be overcome by showing a "significant temporal disconnect between the alleged offenses." Id.

The indictment alleges the drug related offenses and gun possession offenses occurred at approximately the same time and evidence of both sets of offenses was recovered during the same search. Count one, alleging discharge of a firearm in relation to a drug trafficking crime, is closely related to counts six and seven, alleging possession of the same firearm involved in count one. See United States v. Lee, 549 F.3d 84 (2d Cir. 2008) (holding severance not required where gun was an instrumentality of the murder for hire charge and the basis for the felon in possession charge). The firearms listed in counts four through seven were found during the same search as the drugs the Defendant is alleged to have possessed in count three. United States v. Windom, 19 F.3d 1190, 1197 (7th Cir. 1997) ("joinder of a weapons offense with drug charges is proper under Rule 8(a), especially when the weapons and drugs are found in the same search"); see also United States v. Price, 265 F.3d 1097 (10th Cir. 2001) (holding drug and gun offenses were properly joined because both were used in pursuit of common unlawful activity even though they were found in separate searches). Because the drug and weapons offenses occurred at about the same time and evidence of each type of offense was discovered during the same search, the offenses "constitute part of a common scheme," namely drug trafficking. The drug and gun offenses are properly joined under Rule 8(a).

B.  <u>Rule 14</u>

Notwithstanding proper joinder of offenses under Rule 8, a trial court may grant severance under Federal Rule of Criminal Procedure 14.  Rule 14 provides relief from prejudicial joinder by permitting severance of counts or any other relief that justice may require.  On a motion to sever under Rule 14, a defendant bears the heavy burden of demonstrating that joinder is so prejudicial as to amount to a miscarriage of justice.  <u>United States v. Cervone</u>, 907 F.2d 332, 341 (2d Cir. 1990).  Substantial prejudice amounting to a miscarriage of justice is required because the balance struck in Rule 8 "authorizes some prejudice" against a defendant.  <u>United States v. Amato</u>, 15 F.3d 230, 237 (2d Cir. 1994).  A Rule 14 motion for severance is addressed to the discretion of the trial court.  <u>United States v. Arocena</u>, 778 F.2d 943, 949 (2d Cir. 1985) (internal citation omitted).

Defendant argues joinder of the drug and gun offenses under Rule 8(a) will cause substantial prejudice because evidence to be introduced on the gun offenses is "not essential" to the drug offenses and would be prejudicial.  (Paper 26 at 4.)  The Second Circuit Court of Appeals has repeatedly noted the connection between guns and drug dealing, referring to guns as "tools of the trade."  <u>See, e.g.</u>, <u>United States v. Cox</u>, 324 F.3d 77, 84 (2d Cir. 2003) (citing cases).  Because guns play a significant role in the drug trade, and the guns allegedly possessed by

Defendant here were found with the drugs Defendant is alleged to have possessed, the Government asserts that the gun and drug offenses are intimately connected. (Paper 34 at 10.)

Defendant's citation to United States v. Chavis, 296 F.3d 450 (6th Cir. 2002) for the proposition that "it may be error" to join a gun offense with a drug possession offense, Paper 26 at 4, is inapposite. While the Sixth Circuit held that joinder of gun and drug offenses was improper under Rule 8(a), it did so because the offenses were separated by almost two years. Id. at 458-59. The court also held any error from the misjoinder was harmless. Id. at 464.

Defendant also argues he may wish to testify in regard to the drug offenses but not the gun charges. (Paper 26 at 4.) An "unexplicated assertion" that a defendant wishes to testify on only certain counts does not require severance. United States v. Sampson, 385 F.3d 183, 191 (2d Cir. 2004) (citing United States v. Werner, 620 F.2d 922, 930 (2d Cir. 1980)). A convincing showing that the defendant has important testimony to give concerning one count and a strong need to refrain from testifying on another is required. Id. (internal citations omitted). Defendant has failed to make the requisite particularized showing of the testimony he wishes to give regarding certain counts and his reasons for remaining silent on the other counts. (Paper 26

at 4 (Defendant makes only "unexplicated assertion" regarding his possible testimony)).

The Defendant has not met his burden and the motion to sever is denied. The Court has a continuing duty to grant severance if substantial prejudice would otherwise result. Schaffer v. United States, 362 U.S. 511, 516 (1960). Should the Court determine Defendant will be substantially prejudiced by the Government's continued prosecution of the drug and gun offenses in one action, the Court will act accordingly.

III. Multiplicity

An indictment is multiplicitous if it charges a single offense more than once in separate counts, "when, in law and fact, only one crime has been committed." United States v. Finley, 245 F.3d 199, 205 (2d Cir. 2001) (internal citation omitted). To determine whether separate counts charge the same offense, the court must ask "whether each [count] requires proof of a fact which the other does not." Id. (internal citations omitted).

The Second Circuit has held that drug distribution and drug possession offenses under 21 U.S.C. § 841(a)(1) may be charged separately, even when the offenses arise from the same transaction. Id.; see also United States v. Gore, 154 F.3d 34, 44 (2d Cir. 1998) (holding "possession with intent and distribution should not be regarded as the same offense . . .

except under the narrow set of facts where the evidence shows only that the defendant handed over a packet of drugs").

The Government argues the distribution count is distinct from the possession count because the possession count regards the drugs found during the search of Defendant's possessions, not the drugs allegedly distributed.  (Paper 34 at 13.)  This allegation distinguishes this case from that where a defendant sells the entire quantity of drugs he possesses.  In such a case, the possession would merge into the completed distribution offense.  Gore, 154 F.3d at 45-47.  In light of the Second Circuit's clear holding regarding the precise offenses at issue, the Court should hold the indictment is not mulitplicitous because counts two and three properly charge separately possession and distribution.

IV.  Preclusion

Because Defendant did not inform the Court by September 26, 2008 as required, see Minute Entry, Aug. 22, 2008 (Doc. No. 25), whether he intended to pursue or withdraw the motion, the Court denies Defendant's motion to dismiss or to preclude (Paper 21) without prejudice.  Further, the Government asserted it provided defense counsel Defendant's statements which support the allegations in count one.[1]  Defendant's failure to reply to the

---

[1] Defendant's motion was filed July 11, 2008 and a second superseding indictment was filed July 16, 2008.  Since count one of the second superceding indictment is substantially the same as

Government's opposition or to reiterate his concern of a lack of discovery in its more recent briefing indicates the motion is without merit.

V.  Conclusion

The Court denies Defendant's motions to dismiss and to sever.  (Papers 21, 26, 27.)

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 24th day of March, 2009.

/s/ J. Garvan Murtha
Honorable J. Garvan Murtha
United States District Judge

---

count one of the first, the Court evaluates the motion to dismiss with regard to the second superseding indictment.